NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES DAVID JEREMIAH,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7019

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2016, Chief Judge Bruce E. Kasold.

---

Decided: July 13, 2015

---

CHARLES DAVID JEREMIAH, Licking, MO, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––

Before PROST, *Chief Judge,* NEWMAN and WALLACH, *Circuit Judges.*

PER CURIAM.

Mr. Charles David Jeremiah petitions for review of the Veterans Court's judgment in *Charles David Jeremiah v. Robert A. McDonald, Secretary of Veterans Affairs*, No. 14-2016 (Vet. App. Sept. 24, 2014), denying Mr. Jeremiah's petition for extraordinary relief in the nature of mandamus. We dismiss Mr. Jeremiah's petition for a lack of jurisdiction, as Mr. Jeremiah challenges only the factual decisions which are beyond the jurisdiction of this court.

Mr. Jeremiah, an incarcerated veteran, filed an initial and amended petition for extraordinary relief with the Veterans Court. Mr. Jeremiah asked the Veterans Court to order the Veterans Administration ("VA") to provide him a non-1-800 VA contact telephone number so that he may more easily contact the VA from prison and facilitate access to an online VA eBenefits portal for elderly, mentally ill, or incarcerated persons. The Veterans Court determined that Mr. Jeremiah failed to demonstrate an entitlement to a writ, based on *Cheney v. United States District Court*, 542 U.S. 367 (2004), because Mr. Jeremiah failed to identify any law that entitled him to the relief he requested.

Following the Veterans Court's decision, Mr. Jeremiah filed a motion for reconsideration of the Veterans Court order, which was denied. Mr. Jeremiah then filed a motion for either a panel rehearing, or in the alternative, a transfer to the United States Court of Appeals for the Federal Circuit. The Veterans Court treated Mr. Jeremiah's motion as a notice of appeal. While we have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpreta-

tion thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision," 38 U.S.C. § 7292(c) (2006), absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).

Here, in denying Mr. Jeremiah's writ for extraordinary relief, the Veterans Court did not interpret or elaborate upon the meaning of any statute or regulation. Instead, in its application of *Cheney*,[1] the Veterans Court determined that Mr. Jeremiah identified no law requiring the VA to provide him with the requested relief. Additionally, the VA determined that even if there was such a law, Mr. Jeremiah possesses adequate alternative means to communicate with the VA, namely via the United States Postal Service. Based upon these factual determinations the Veterans Court concluded that the three conditions required for a writ were not met.

Mr. Jeremiah argues that this court has jurisdiction for two reasons. First, Mr. Jeremiah argues that "[u]nder the All Writs Act, all courts established by an act of

---

[1] A party seeking a writ for extraordinary relief must meet three requirements. *Cheney*, 542 U.S. at 380-81. "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires,—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (alterations in original) (citations omitted) (internal quotation marks omitted).

Congress may issue writs necessary or appropriate in aid of their respective jurisdiction." Reply Br. 1 (citing 28 U.S.C. § 1651(a)). Second, Mr. Jeremiah argues that "[t]he jurisdiction of the United States Court of Appeals for the Federal Circuit to review Veterans Court decisions is limited by statute. Pursuant to *38 U.S.C.S. §7292(a)*, the court of appeals may review the validity of a decision of the Veterans Court on a rule of law or any statute or regulation or any interpretation thereof that was relied on by the Veterans Court in making a decision." *Id.*

Taking Mr. Jeremiah's first argument, the question before us is not whether the Veterans Court has authority to hear writs for extraordinary relief, but whether the petitioned for writ is proper. Here, the Veterans Court, as a factual matter, found that the necessary elements present for it to hear the writ were not established. As we do not sit in review of the Veterans Court's factual findings, but instead only its interpretation of law, this argument is not persuasive. Looking to Mr. Jeremiah's second argument, Mr. Jeremiah is correct that our jurisdiction is limited. However, it is this limited review that restricts our jurisdiction in this case. We do not review the Veterans Court's application of facts to law. Thus, Mr. Jeremiah's second argument is also unpersuasive.

For the reasons stated above we find that we are without jurisdiction to consider this appeal and must therefore dismiss this case.

**DISMISSED**

COSTS

Each party shall bear their own costs.